# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

CHARLES SHELBY,

                  Petitioner,           :    Case No. 1:17-cv-551

      - vs -                          District Judge Michael R. Barrett
                                        Magistrate Judge Michael R. Merz

WARDEN,
  Noble Correctional Institution

                                   :
                  Respondent.

# REPORT AND RECOMMENDATIONS

In this habeas corpus case, brought *pro se,* Petitioner Charles Shelby seeks relief from his conviction in the Lawrence County Court of Common Pleas on charges of aggravated trafficking in drugs and tampering with evidence (Petition, ECF No. 1).  Respondent contends the Petition should be dismissed with prejudice because Shelby's claims have been procedurally defaulted (ECF No. 7).  Shelby has filed a Response (ECF No. 9), and the Motion is therefore ripe for decision.

The Magistrate Judge reference in the case has been transferred to the undersigned to help balance the Magistrate Judge workload in the Western Division of the Court.

## Procedural History

Shelby was indicted by a Lawrence County Grand Jury on one count of aggravated trafficking in drugs in the vicinity of a school and one count of tampering with evidence.  After

his motion to suppress was denied, Shelby was convicted by a jury on both counts and sentenced to an aggregate sentence of ten years. Through new counsel, Shelby appealed to the Fourth District Court of Appeals raising four assignments of error which do not include the claims he makes in his habeas Petition. After the Fourth District affirmed, Shelby failed to take any appeal to the Supreme Court of Ohio. However, on December 16, 2016, Shelby filed an Application under Ohio R. App. P. 26(B) to reopen his appeal, alleging he had been provided ineffective assistance of appellate counsel when his appellate attorney failed to raise the following assignment of error: "The Appellant was denied his constitutional right to a fair trial when the voir dire of prospective juror was unrecorded, not properly allowing whether or not these prospective jurors were unbiased and impartial." (26(B) Application, State Court Record, ECF No. 6, PageID 144). Noting that the Application was filed ninety-seven days after the Fourth District's judgment on appeal, the court dismissed the 26(B) Application as untimely. *State v. Shelby*, 4th Dist. Lawrence No. 15CA20 (Jan. 11, 2017) (unreported; copy at State Court Record, ECF No. 6, PageID 166-69). Shelby appealed, but the Ohio Supreme Court declined to exercise jurisdiction (State Court Record, Entry, PageID 183).

Shelby then filed his Petition in this Court, raising one ground for relief (ECF No. 1, Page ID 3):

> **GROUND ONE:** The petitioner was denied his constitutional right to a fair trial when the *voir dire* of prospective jurors were (sic) unrecorded, not properly allowing whether or not these prospective jurors were biased and impartial {;} appellate counsel was ineffective for failure to raise and argue this issue in the (sic)[.]

# Analysis

Respondent asserts this single Ground for Relief is procedurally defaulted in two ways. First of all, because it is a claim which could have been adjudicated on the record on direct appeal, it is forfeited because it was not presented on direct appeal. Second, even if it had been preserved for presentation as a claim of ineffective assistance of appellate counsel, it was procedurally defaulted a second time when Shelby's 26(B) Application was untimely filed.

Noting the importance of the jury in the American criminal justice system, Shelby argues "[t]hat the voir dire jurors in this case[] were not properly vetted." (Response, ECF No. 9, PageID 579). But he does not say what was improper about it. His only claim is that he was entitled to have it recorded; yet, the Constitution of the United States provides no such guarantee.

Shelby argues his appellate attorney was responsible for protecting his rights and failed to do so by not raising the lack of a record as an assignment of error. But that claim of ineffective assistance of appellate counsel is procedurally defaulted by being raised too late. In Ohio, claims of ineffective assistance of appellate counsel must be raised in a 26(B) Application, and those applications must be filed within ninety days of the appellate judgment. Shelby did not file within ninety days, and the Fourth District enforced the ninety-day rule against him by not considering his omitted assignment of error on the merits.

The U.S. Court of Appeals for the Sixth Circuit has repeatedly upheld the time limitations in Rule 26(B) as an adequate and independent state ground of decision. *Tolliver v. Sheets*, 594 F.3d 900 (6th Cir. 2010), *citing Rideau v. Russell*, No. 08-3466, 342 F. App'x 998 (6th Cir. 2009);

*Parker v. Bagley,* 543 F.3d 859, 861-62 (6ᵗʰ Cir. 2008) (citation omitted) (noting that Rule 26(B)'s time limitations are "firmly established and regularly" followed in non-capital cases); *Scuba v Brigano*, 527 F.3d 479, 488 (6ᵗʰ Cir. 2007) (distinguishing its holding from those in capital cases); *Monzo v. Edwards*,  281 F.3d 568 (6ᵗʰ Cir. 2002).

Shelby's 26(B) Application shows the kinds of juror bias issues with which he is concerned (State Court Record, ECF No. 6, PageID 143-58).  However, he does not dispute Respondent's claim that his trial attorney never objected to any prospective juror for cause.  Ohio has a procedural rule that applies to that situation, the so-called "contemporaneous objection" rule, which provides that a defendant cannot raise on appeal a trial court error that was not objected to at a time when it could have been corrected by the trial court.  The Sixth Circuit has repeatedly held that the contemporaneous objection rule is an adequate and independent basis of decision. *Wogenstahl v. Mitchell*, 668 F.3d 307, 334 (6ᵗʰ Cir.  2012), *citing Keith v. Mitchell*, 455 F.3d 662, 673 (6ᵗʰ Cir. 2006); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6ᵗʰ Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6ᵗʰ Cir. 2010); *Nields v.  Bradshaw*, 482 F.3d 442 (6ᵗʰ Cir.  2007); *Biros v. Bagley,* 422 F.3d 379, 387 (6ᵗʰ Cir. 2005); *Mason v. Mitchell*, 320 F.3d 604 (6ᵗʰ Cir. 2003), *citing Hinkle v. Randle*, 271 F.3d 239, 244 (6ᵗʰ Cir. 2001); *Scott v. Mitchell*, 209 F.3d 854 (6ᵗʰ Cir. 2000), *citing Engle v. Isaac,* 456 U.S. 107, 124-29 (1982).  *See also Seymour v. Walker*, 224 F.3d 542, 557 (6ᵗʰ Cir. 2000); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6ᵗʰ Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6ᵗʰ Cir.), *cert. denied,* 562 U.S. 876 (2010).

To excuse his procedural defaults, Shelby relies on the actual innocence "gateway" around procedural default.  The controlling precedent on this point is now the Supreme Court's decision in *McQuiggin v. Perkins*, 569 U.S. 383 (2013):

[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo,* 513 U.S. 316, 329, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995); *see House v. Bell,* 547 U.S., 518, 538, 126 S. Ct. 2064, 165 L. Ed. 2d. 1 (2006) (emphasizing that the *Schlup* standard is "demanding" and seldom met). And in making an assessment of the kind *Schlup* envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup*, 513 U.S., at 332.

*McQuiggin* , 569 U.S. at 386-87.

In *Souter v. Jones,* 395 F.3d 577, 599 (6th Cir. 2005) (citing *Schlup*, 513 U.S. at 316), the

Sixth Circuit held Congress enacted the statute of limitations in 28 U.S.C. § 2244(d)(1) "consistent

with the *Schlup* [*v. Delo*] actual innocence exception." The Souter court also held:

[I]f a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup v. Delo,* 513 U.S. 298, 316 (1995). Thus, the threshold inquiry is whether "new facts raise[] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id*. at 317. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 140 L. Ed. 2d 828, 118 S. Ct. 1604 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled[,] however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321.

*Souter,* 395 F.3d at 590 (6th Cir. 2005).

Instead of presenting any new evidence of actual innocence, Shelby claims that because his jury was biased, no constitutional trial could have occurred and therefore he is actually innocent (Response, ECF No. 9, PageID 579).  But the actual innocence doctrine requires proof of factual innocence.  *Bousley,* 523 U.S. 614, *citing Sawyer v. Whitley*, 505 U.S. 333, 339 (1992).  In other words, to establish his entitlement to the actual innocence gateway, Shelby would have to present new evidence – evidence not presented at trial – that he did not possess the drugs.  That he has not done.

**Conclusion**

Because Petitioner has procedurally defaulted on his claims in the case, it is respectfully recommended that the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

July 6, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).